[No. 37265.    Department One.    February 8, 1965.]

SERENO FLORES, *Appellant,* v. JAMES R. SCHREINER, *Respondent.**

*Howard V. Doherty,* for appellant.

*G. B. Chamberlin,* for respondent.

PER CURIAM.—In April 1956, appellant entered into a written agreement to sell his 1954 Chevrolet to respondent.  The agreement provided, *inter alia,* that respondent would pay to the bank the mortgage balance of $768.09, pay to the appellant $181.91 in cash, and, in addition, would give appellant "$500.00 credit on Deposit to apply on new unit between April 14 [1956], and Feb. 15, 1957.  Said unit to be at prevailing price at time of Delivery."  The agreement further provided that, if the purchaser failed to accept delivery of a new unit within the time specified, he would lose his credit on a new unit.

April 11, 1962, appellant commenced this action against respondent to recover the $500, contending that respondent had been unjustly enriched in that he had refused to obtain a vehicle for appellant as requested.  The trial court found that the appellant had not selected a new unit by February 15, 1957, or at any time subsequent thereto; that he was bound by the terms of the written agreement, and dismissed the claim with prejudice.

The appeal presents only factual issues.  The record sustains the trial court's factual determinations.

The judgment is affirmed.